

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### Nos. PD-1123-08 & PD-1124-08

---

### JEFFERY DANIEL HUGHEN, Appellant

### v.

### THE STATE OF TEXAS

---

## ON APELLANT'S PETITIONS FOR DISCRETIONARY REVIEW
## IN CAUSE NOS. 06-07-00092-CR & 06-07-00093-CR
## FROM THE SIXTH COURT OF APPEALS
## FANNIN  COUNTY

---

HOLCOMB, J., delivered the opinion of the Court, in which KELLER, P.J., and MEYERS, HERVEY, and COCHRAN, JJ., joined. WOMACK and KEASLER, JJ., concurred in the result. PRICE, J., filed a dissenting opinion, in which JOHNSON, J., joined.

We granted appellant Jeffery Daniel Hughen's petitions for discretionary review in order to determine whether the court of appeals erred in upholding the trial court's denial of Hughen's pretrial motion to suppress.  We affirm.

On the evening of July 15, 2006, in Fannin County, Hughen and several others were involved

in a violent altercation.  At the conclusion of that altercation, Bonham police arrested Hughen and took him to the Fannin County Jail.

On July 17, 2006, at around 8:20 a.m., Bonham police, pursuant to Article 15.17 of the Texas Code of Criminal Procedure, took Hughen before a Fannin County magistrate, who explained to him that he was charged with attempted murder, a felony of the second degree.  *See* Tex. Pen. Code §§ 15.01(d) & 19.02(c).  The magistrate also explained to Hughen that: (1) he had the right to remain silent; (2) any statements he made could be used against him at trial; (3) he had the right to the presence of counsel during questioning; and (4) if he could not afford counsel, one would be appointed for him.  *See Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966) (consistent with the Fifth Amendment, law enforcement officials must give these warnings to suspects before custodial interrogation).  After the magistrate explained these matters to Hughen, he acknowledged that he understood them.  He then asked that counsel be appointed to represent him.

Three hours after Hughen's Article 15.17 initial appearance, Bonham Police Detective Lisa Herrington and Sergeant Wendell Bockman, without waiting for the appointment of Hughen's counsel, took Hughen from his jail cell and placed him in an interview room.  One of the officers activated a digital video disc (DVD) recorder, and that device recorded what transpired in the interview room.[1]  Herrington asked Hughen whether he understood what he had been charged with, and Hughen responded that he did.  Herrington then explained to Hughen (again) his *Miranda* rights.

After Herrington explained to Hughen these rights, she asked him the following three

---

[1]  The resulting DVD is part of the record, and we have reviewed it.  One can reasonably conclude from the DVD that, at the time in question, Hughen was an able-bodied male approximately 40 years of age; he was lucid and of normal intelligence; he understood the English language; he knew how to read the English language; and he knew how to sign his name.

questions and received his responses: (1) "Do you understand your rights, Jeff?" Hughen nodded in the affirmative. (2) "And understanding these rights, do you need to have a lawyer present before any questioning?" He answered, "I guess not right now, no." (3) "Having these rights in mind, will you talk to me now?" Hughen answered, "Okay."

Herrington then presented Hughen with a fill-in-the-blank waiver form. The upper half of the form was titled "Miranda Warning," and below that title were listed the rights that Herrington had explained to Hughen. The lower half of the form was titled "Waiver," and below that title were the three questions that Herrington had asked Hughen, along with blanks for "yes" or "no" appropriately checked by Herrington to reflect Hughen's answers to those three questions. Thus, the waiver form, if signed, would memorialize: (1) Hughen's acknowledgment that he understood the rights that Herrington had explained to him; (2) his waiver of his right to have counsel present for police questioning at that time; and (3) his agreement to talk to the police at that time.

Hughen looked over the waiver form and, at Herrington's request, wrote his initials beside each of the rights listed, indicating that he had read and understood each right. Then, just before he signed the form, he asked Herrington, "This ain't waiving my right for an attorney, is it?" Herrington responded, "No, sir. This is just talking with us about what happened and what was going on and all that good stuff." Hughen then signed the waiver form. Immediately thereafter, Herrington questioned him about the altercation that had occurred on July 15th.

On July 25, 2006, the trial court appointed counsel to represent Hughen. On September 22, 2006, a Fannin County grand jury returned one indictment charging Hughen with attempted murder and a second indictment charging him with aggravated assault with a deadly weapon, a felony of the second degree. *See* Tex. Pen. Code § 22.02.

On February 1, 2007, Hughen filed a pretrial motion to suppress "any conversations between [him] and law enforcement officers" on the grounds that such conversations had occurred while he "was [unlawfully] deprived of his right to counsel" under both the Fifth and Sixth Amendments to the Constitution of the United States. On May 14, 2007, the trial court held an evidentiary hearing on Hughen's motion to suppress. At that hearing, Hughen first explained to the trial court the relevant facts, which we have recounted above, and then argued that the DVD of Herrington's interrogation of him should be suppressed because the waiver of counsel that he had given to Herrington had been invalid. He argued further that the waiver had been invalid, under both the Fifth and Sixth Amendments, because: (1) Herrington and Bockman had approached him and questioned him without first contacting his counsel and (2) Herrington had given "inaccurate information" to him when she had assured him that he was not waiving his right to counsel.

The State argued in response that Hughen had "voluntarily, knowingly, and intelligently waive[d] his right to an attorney for purposes of [Herrington's] questioning, and, therefore, [the DVD] should not be suppressed." The State's argument continued:

> "[T]his defendant was made aware of his rights, he knew he had a right to an attorney to be present, not only throughout his trial and throughout the prosecution of his cases but at [the time] when he spoke with the officers. He chose to waive that right, and any question that he asked of those officers, am I waiving my right to an attorney, was reasonably interpreted as applying to the entire process, not to [the questioning], especially in light of the very obvious written warnings that he had in front of him, which he initialed it himself."

The trial court, after viewing the DVD and a copy of the waiver form, denied Hughen's motion to suppress. The trial court did not issue any findings of fact or conclusions of law.

On May 15, 2007, the State brought Hughen to trial under both indictments, before a single jury, on his pleas of not guilty. During the course of the guilt stage of trial, the trial court admitted

in evidence, over Hughen's continued objection, the DVD of Herrington's interrogation of him. The jury viewed the DVD and later found Hughen guilty as charged in both indictments. After hearing additional evidence at the punishment stage, the jury assessed Hughen's punishment for the attempted murder at imprisonment for life and a fine of $10,000, and it assessed his punishment for the aggravated assault at imprisonment for twenty years and a fine of $5,000.

On direct appeal, Hughen, again citing both the Fifth and Sixth Amendments, argued that the trial court had erred in denying his pretrial motion to suppress. "The unconstitutional contact by [the Bonham police] rendered [the DVD] inadmissible," Hughen argued. More specifically, he argued, as he had in the trial court, that the waiver of counsel that he had given to the Bonham police had been invalid because they had approached him and interrogated him without first contacting his counsel.[2] Hughen's argument continued:

> "After the invocation of the right to counsel under the Fifth Amendment, and after the Sixth Amendment right to counsel attaches, both accomplished facts in this case prior to [the] interrogation, any subsequent waiver of counsel, to be effective, must be the product of either accused-initiated communications with the police, or police-initiated communications with the accused in the presence of counsel."

The court of appeals, after a lengthy analysis, rejected Hughen's federal constitutional claims and affirmed the trial court's judgments of conviction. *Hughen v. State*, 265 S.W.3d 473, 482-84, 486 (Tex.App.–Texarkana 2008) (the attempted murder case); *Hughen v. State*, No. 06-07-00092-CR (Tex.App.–Texarkana 2008) (the aggravated assault case) (not designated for publication).

We granted Hughen's petitions for discretionary review in order to determine whether the

---

[2] Hughen, in his brief to the court of appeals, did not argue, as he had in the trial court, that the waiver of counsel that he had given to Herrington had been invalid because she had given "inaccurate information" to him when he had asked whether he was waiving his right to counsel. Thus, Hughen, in the court of appeals, effectively abandoned his earlier argument that Herrington's "inaccurate information" had rendered his waiver invalid.

court of appeals erred in holding that the trial court did not violate his Sixth Amendment right to counsel when it admitted the DVD of his interrogation into evidence at his trial.[3] *See* Tex. R. App. Proc. 66.3(c). In his brief, Hughen argues that "the Court of Appeals erred in failing to recognize that this case is controlled by the Sixth Amendment." He argues further, as he did below, that once his Sixth Amendment right to counsel attached and was asserted, as it was three hours before the Bonham police interrogated him, his right to counsel could not be validly waived unless (1) he initiated contact with police, which did not happen here, or (b) his counsel agreed to the waiver, which also did not happen here.[4] In support of his Sixth Amendment claim, Hughen relies primarily on *Rothgery v. Gillespie County*, ___U.S.___, 128 S.Ct. 2578 (2008), and *Michigan v. Jackson*, 475 U.S. 625 (1986).

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." The Sixth Amendment right to counsel applies in all state criminal prosecutions in which the defendant is accused of a felony. *Gideon v. Wainwright*, 372 U.S. 335, 342 (1963). Once the adversarial judicial process has been

---

[3] Hughen's ground for review in case No. PD-1124-08 reads: "The Court of Appeals erred in failing to recognize that this case is controlled by the Sixth Amendment, *Brewer v. Williams* [430 U.S. 387 (1977)] and *Rothgery v. Gillespie Co.* [___U.S.___, 128 S.Ct. 2578 (2008)]." In case No. PD-1123-08, we granted review of the following question on our own motion: "Was Appellant's waiver of counsel during police interrogation valid when he previously invoked his right to counsel at the time he was brought before a magistrate?"

In neither of his petitions for discretionary review does Hughen challenge the court of appeals's Fifth Amendment holding, and we did not grant review to consider it.

[4] Appellant also argues that the written waiver that he gave to Herrington is "suspect in light of the confusion seeded" when she told him, immediately before he signed the waiver, that he was not waiving his right to an attorney. *See* discussion, *infra*. This argument was not made to the court of appeals, however, so we do not consider it. *See Monreal v. State*, 947 S.W.2d 559, 564 n. 7 (Tex.Crim.App. 1997).

initiated, the Sixth Amendment right to counsel guarantees an accused the right to have counsel present at all "critical" stages of the criminal proceeding. *United States v. Wade*, 388 U.S. 218, 227-28 (1967). Interrogation by the police, after charges have been brought, is such a critical stage. *Brewer v. Williams*, 430 U.S. 387, 401 (1977); *Massiah v. United States*, 377 U.S. 201, 204-05 (1964).

The Sixth Amendment right to have counsel present during interrogation, once the adversarial judicial process has been initiated, may be waived, as long as the waiver is voluntary, knowing, and intelligent. *Patterson v. Illinois*, 487 U.S. 285, 292 n. 4 (1988). And when an accused is read his *Miranda* rights, which include the right to have counsel present during interrogation, and he agrees to waive those rights, that typically is sufficient to validly waive the Sixth Amendment right to have counsel present during interrogation. *Id*. at 296.

In the instant case, Hughen's Article 15.17 initial appearance marked the initiation of adversarial judicial proceedings against him and thus "plainly signal[ed] attachment" of his Sixth Amendment right to counsel. *Rothgery v. Gillespie County*, ___U.S. at ___, 128 S.Ct. at 2591-92. Therefore, under the Sixth Amendment, Hughen had the right to have counsel present when Herrington interrogated him. *Brewer v. Williams*, 430 U.S. at 401; *Massiah v. United States*, 377 U.S. at 204-05. However, when Herrington read Hughen's *Miranda* rights to him and he agreed to waive those rights, that was sufficient, on the record and arguments before us, to validly waive his Sixth Amendment right to have counsel present during the interrogation. *Patterson v. Illinois*, 487 U.S. at 296.

Hughen's reliance on *Michigan v. Jackson*, 475 U.S. 625, is unavailing. *Jackson* held that "if police initiate interrogation after a defendant's assertion, at an arraignment or similar proceeding,

of his right to counsel, any waiver of the defendant's right to counsel for that police-initiated interrogation is invalid." 475 U.S. at 636. Hughen argues that under the rule of *Jackson*, the waiver that he gave to Herrington was invalid and the DVD of that interrogation was inadmissible against him at his trial. Unfortunately for Hughen, the United States Supreme Court overruled *Jackson* in *Montejo v. Louisiana*, \_\_\_U.S.\_\_\_, \_\_\_, 129 S.Ct. 2079, 2091 (2009).

After *Montejo*, the Sixth Amendment does not bar police-initiated interrogation of an accused who has previously asserted his right to counsel. On the other hand, the Fifth Amendment does bar police-initiated interrogation of an accused who, in the context of custodial interrogation, has previously asserted his right to counsel during such interrogation, unless the accused's counsel is actually present. *Minnick v. Mississippi*, 498 U.S. 146, 153 (1990); *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981).[5]

We affirm the judgments of the court of appeals.

DELIVERED OCTOBER 7, 2009

PUBLISH

---

[5] The *Minnick-Edwards* rule is "designed to prevent police from badgering a defendant into waiving his previously asserted *Miranda* rights." *Michigan v. Harvey*, 494 U.S. 344, 350 (1990).