NO. 07-08-0514-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 16, 2009

_____

ROBERT D. HALL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-418,741; HONORABLE CECIL PURYEAR, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

The ability to obtain uncoerced confessions is not an evil but an unmitigated good. Justice Scalia, *McNeil v. Wisconsin*, 501 U.S. 171, 181, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991).

Appellant, Robert D. Hall, was convicted by a jury of possession with intent to deliver cocaine[1] weighing less than two hundred grams but at least four grams, a first degree felony[2] and was sentenced to confinement for forty years. In a single point of error, Appellant asserts the trial court violated his Sixth Amendment right to counsel when it admitted into evidence his inculpatory statements made to police during an Appellant-initiated interrogation in the absence of his attorney. We affirm.

## Background

The indictment in this cause alleged that on or about November 29, 2007, in Lubbock County, Texas, Appellant knowingly possessed with intent to deliver, a controlled substance in penalty group one, namely cocaine, by aggregate weight of less than two hundred grams but at least four grams. Shortly after his arraignment on January 24, 2008, Appellant obtained counsel and was freed on a $40,000 bail bond.

At trial, Officer Billy Koontz of the Lubbock Police Department testified that, in July 2008, Appellant came to see him at the Drug Enforcement Administration's office in Lubbock. He testified Appellant requested the meeting and was there of his own free will. Although subjected to questioning, Appellant was not given any *Miranda* warnings prior to or during their meeting. *See Miranda v. Arizona*, 384 U.S. 436, 444-45, 86 S.Ct. 1602, 16

---

[1]Cocaine is a controlled substance listed in Penalty Group 1. *See* Tex. Health & Safety Code Ann. § 481.102(3)(D) (Vernon 2003).

[2] Tex. Health & Safety Code Ann. § 481.112(d) (Vernon 2003).

2

L.Ed.2d 694 (1966). According to Officer Koontz's testimony, Appellant wanted to cut a deal to avoid prison time. In return, Appellant offered to supply Officer Koontz with information about drug deals in the Lubbock area. Officer Koontz responded he could not promise Appellant anything in return for the information and would have to contact the district attorney's office. He also indicated any deal would depend on the information Appellant could provide.

Without objection, Officer Koontz testified that, in addition to other information related to the local drug trade, Appellant admitted he obtained the crack cocaine found in his car the day of his arrest from a drug dealer in Lubbock.[3] Based upon the meeting, Officer Koontz concluded Appellant was knowledgeable about the local drug trade and Appellant's knowledge was likely gained from being a drug dealer.

Following his conviction, Appellant's counsel filed a motion for a new trial that did not mention Appellant's inculpatory statements made to Officer Koontz. After the trial court denied Appellant's motion, this appeal followed.

**Discussion**

Appellant asserts his inculpatory statements were obtained in violation of his Sixth Amendment right to counsel and the trial court committed error by permitting Officer Koontz

---

[3]Because the contraband in question was not located on Appellant's person at the time of his arrest, possession was a critical issue in his prosecution.

to testify regarding their meeting. The State counters that: (1) Appellant failed to preserve error because he did not object to the admissibility of his inculpatory statements at trial; and (2) Appellant waived his Sixth Amendment right to have counsel present when he initiated the contact with Officer Koontz.

## I.     Preservation of Error

We will first address the State's preservation of error contention. As a general rule, in order to preserve a complaint for appellate review, the record must show that (1) the complaint was made known to the trial court, and (2) the trial court either ruled on the request, or refused to rule and the complaining party objected to the refusal.[4] *See* Tex. R. App. P. 33.1(a)(2). While Appellant concedes that his counsel made no objection to Officer Koontz's testimony at trial,[5] he counters the State's argument by contending that the preservation of error rule has no application to his complaint because the violation of his Sixth Amendment rights constitutes "fundamental" or "structural" error.

---

[4]Typically, a party preserves error for appeal by presenting a timely request, objection or motion to the trial court that states the specific grounds for the desired ruling unless the specific grounds are apparent from the record. Tex. R. App. P. 33.1(a)(1)(A); Tex. R. Evid. 103(a)(1). This gives the trial judge and the opposing party an opportunity to correct the error at a time when the judge is in the best position to take testimony, if necessary, consider counsels' arguments, and rule on the objection in the context of the original proceeding. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex.Crim.App. 2009). Without a contemporaneous objection, a defendant generally waives error, and in that instance, a reviewing court may only review fundamental error. *Jasper v. State*, 61 S.W.3d 413, 420 (Tex.Crim.App. 2001). *See* Tex. R. Evid. 103(d).

[5]Neither did Appellant file a motion to suppress his inculpatory statements prior to trial.

4

In the absence of proper procedural perfection of error, the only type of errors that may be raised for the first time on appeal are complaints that the trial court disregarded an absolute or systemic requirement or that the appellant was denied a waivable-only right that he did not waive. *Bessey v. State,* 239 S.W.3d 809, 812 (Tex.Crim.App. 2007); *Mendez v. State*, 138 S.W.3d 334, 342 (Tex.Crim.App. 2004); *Marin v. State*, 851 S.W.2d 275, 280 (Tex.Crim.App. 1993), *overruled on other grounds*, *Cain v. State*, 947 S.W.2d 262 (Tex.Crim.App. 1997). Therefore, because Appellant failed to procedurally perfect his objection to Officer Koontz's testimony at trial, we are prohibited from considering his assignment of error, unless the admission of that testimony violated an absolute or systemic requirement or Appellant did not forfeit a right that was "waivable-only."

## A. Systemic or Absolute Requirements

Recognized as being absolute, systemic requirements are not necessarily constitutional. Systemic or absolute requirements include, but are not limited to, personal jurisdiction, subject-matter jurisdiction, a penal statute's compliance with the Separation of Powers section of the state constitution, a constitutional requirement that a district court conduct its proceedings at the county seat, a constitutional prohibition against ex post facto laws, and certain constitutional restraints on the comments of a judge. *Saldano v. State*, 70 S.W.3d 873, 888-89 (Tex.Crim.App. 2002).

At issue here is the Sixth Amendment guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."

5

U.S. Const. amend. VI. *See Gideon v. Wainright*, 372 U.S. 335, 340-45, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The Sixth Amendment right to counsel applies in all state criminal prosecutions in which the defendant is accused of a felony. *Id.* at 342. Once the adversarial judicial process has been initiated,[6] the Sixth Amendment guarantees a defendant the right to have counsel present at all "critical" stages of the criminal proceeding. *Montejo v. Louisiana*, ___ U.S. ___, 129 S.Ct. 2079, 2085, 173 L.Ed.2d 955 (2009); *Hughen v. State,* Nos. PD-1123-08 & PD-1124-08, ___S.W.3d ___ 2009 WL 3189187, at *3 (Tex.Crim.App. Oct. 7, 2009).[7] Interrogation by the police, after charges have been filed, is considered to be a critical stage. *Brewer v. Williams,* 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed. 2d 424 (1977). *Hughen,* 2009 WL 3189187 at *3.

The right to have counsel present during a post-indictment interrogation by the police may, however, be waived, as long as the waiver is voluntary, knowing, and intelligent.[8] *Patterson v. Illinois,* 487 U.S. 285, 292 n.4, 108 S.Ct. 2389, 101 L.Ed,2d 261, (1988); *Hughen,* 2009 WL 3189187, at *4. In *Montejo*, the United States Supreme Court discarded

---

[6]Adversary proceedings are initiated by formal charge, preliminary hearing, indictment, information or arraignment. *Cloer v. State*, 88 S.W.3d 285, 288 (Tex.App.–San Antonio 2002, no pet.) (citing *Robinson v. State*, 851 S.W.2d 216, 224 (Tex.Crim.App. 1991)).

[7]Not every event following inception of adversarial judicial proceedings constitutes a "critical stage" so as to invoke the right to counsel under the Sixth Amendment. *Green v. State*, 872 S.W.2d 717, 720 (Tex.Crim.App. 1994). A pretrial stage is "critical" only if the accused requires aid in coping with legal problems or assistance in meeting his adversary. *Id.*

[8]In the context of waiver of rights, an "intelligent" waiver is not the same thing as a "wise" decision to forego a right. For purposes of determining whether there has been an intelligent waiver, courts examine the specific facts and circumstances surrounding the waiver, including the background, experience and conduct of the accused.

6

the presumption established in *Michigan v. Jackson*, 475 U.S. 625, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986), that, once a defendant has requested counsel at an arraignment or similar proceeding, law enforcement is automatically forbidden from initiating an interrogation of the defendant in the absence of his counsel's consent. *Montejo,* 129 S.Ct. at 2086-2088. Furthermore, "nothing in the Sixth Amendment prevents a suspect charged with a crime and represented by counsel from voluntarily choosing, on his own, to speak with the police in the absence of an attorney." *Michigan v. Harvey*, 494 U.S. 344, 352, 110 S.Ct. 1176, 108 L.Ed.2d 293 (1990). "To hold otherwise would be to refuse to grant proper respect to [an accused's] desire to confess his criminal conduct on his own terms"; *Lucas v. State*, 791 S.W.2d 35, 49 (Tex.Crim.App. 1989), and, "[a]lthough a defendant may sometimes later regret his decision to speak with police, the Sixth Amendment does not disable a criminal defendant from exercising his free will." *State v. Maldonado,* 259 S.W.3d 184, 189 (Tex.Crim.App. 2008) (quoting *Harvey*, 494 U.S. at 353).

As a procedural safeguard, a defendant has at least two opportunities to seek redress for any alleged violation of his or her right to assistance of counsel during a post-indictment interrogation by: (1) filing a pretrial motion to suppress evidence and having it heard and ruled upon before trial;[9] Tex. Code Crim. Proc. Ann. art. 28.01, § 1(6) (Vernon 2006); or (2) objecting to the admission of the evidence at the time it is offered at trial and request a

---

[9]A motion to suppress is a specialized objection regarding the admissibility of evidence. *Galitz v. State,* 617 S.W.2d 949, 952 n. 10 (Tex.Crim.App. 1981). Such a motion is the proper remedy when evidence is illegally obtained in violation of a defendant's rights. *Wade v. State,* 814 S.W.2d 763, 764 (Tex.App.–Waco 1991, no pet.) (citing *Jackson v. State*, 717 S.W.2d 713, 715 (Tex.App.–San Antonio 1986, pet. ref'd, untimely filed)).

hearing outside the presence of the jury. Tex. R. Evid. 103(c). *See Holmes v. State*, 248 S.W.3d 194, 199 (Tex.Crim.App. 2008). In either case, the accused is empowered by statute to have his or her counsel seek redress of any Sixth Amendment violation during a post-indictment interrogation before there is any possibility the violation might affect his ability to receive a fair trial.[10]

Based upon these precedents and the procedural safeguards in place to protect the accused in the event of a violation of the right to counsel in such circumstances, we find that the right to have counsel present during post-indictment defendant-initiated interrogations is not a systemic or absolute right.

## B.    Waivable-Only Rights

Waivable-only rights are rights that cannot be waived merely by omission. Instead, those rights can only be waived by affirmative acts of commission. Waivable-only rights include the right to assistance of counsel, the right to trial by jury, and the right of appointed

---

[10]An accused also has a Fifth and Fourteenth Amendment right to have counsel present during a custodial interrogation. *Edwards v. Arizona*, 451 U.S. 477, 482, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). Unlike the right to counsel under the Sixth Amendment, however, which attaches automatically at the initiation of an adversary criminal proceeding; *see Davis v. United States*, 512 U.S. 452, 456-57, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994), the Fifth Amendment right to counsel attaches when affirmatively invoked by the accused at any time prior to, or during, questioning. *Miranda*, 384 U.S. at 473-74. Further, because the right to counsel during an interrogation under both constitutional sources may be waived using the same procedure; *Patterson v. Illinois*, 487 U.S. at 296, doctrines ensuring voluntariness of a Fifth Amendment waiver simultaneously ensure the voluntariness of a Sixth Amendment waiver. *See Montejo*, 129 S.Ct. at 2090.

counsel to have ten days of trial preparation. *See Aldrich v. State,* 104 S.W.3d 890, 895-96 (Tex.Crim.App. 2003); *Saldano,* 70 S.W.3d at 888.

The fact that an accused is already represented by counsel at the time an incriminating statement is obtained by police does not automatically preclude a finding of waiver. *Hughen,* 2009 WL 3189187, at *12. *Stone v. State*, 612 S.W.2d 542, 546 (Tex.Crim.App. 1981). For a unilateral waiver of assistance of counsel to be effective, the law requires that the accused initiate the contact with the police that leads to waiver and not *vice versa*. *Maldonado,* 259 S.W.3d at 186.[11] Initiation is an inquiry representing a desire on the part of the accused to open up a more generalized discussion relating directly or indirectly to the officer's investigation. *Baldree v. State*, 784 S.W.2d 676, 686 (Tex.Crim.App. 1989).

Although the Court of Criminal Appeals has yet to expressly decide whether an accused's Sixth Amendment right to counsel during post-indictment interrogation is a "waivable-only" right, their opinion in *Swain v. State*, 181 S.W.3d 359 (Tex.Crim.App. 2005), is instructive. In *Swain*, the appellant asserted, on appeal, that the police violated his right to counsel under the Fifth and Sixth Amendments when they continued to question him after

---

[11]Where a defendant initiates the contact with police, the unilateral waiver of his right to counsel has been upheld. *Baldree v. State*, 784 S.W.2d 676, 685-86 (Tex.Crim.App. 1989), *cert. denied*, 495 U.S. 940, 110 S.Ct. 2193, 109 L.Ed.2d 521 (1990). *See Flores v. State*, 49 S.W.3d 29, 33 (Tex.App.–San Antonio 2001, pet. ref'd). Further, even though an accused has invoked his right to counsel during custodial interrogation, the United States Supreme Court recognizes that the police may resume an interrogation without counsel if *"the accused himself initiates communication, exchanges, or conversations with the police." Edwards v. Arizona,* 451 U.S. 477, 484-85, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) (emphasis added). *Accord Montejo*, ___ U.S. ___, 129 S.Ct. at 2085-86, 2090; *Maldonado*, 259 S.W.3d at 188-89; *Cross v. State,* 144 S.W.3d 521, 528-30 (Tex.Crim.App. 2004).

9

the accused had appeared before a magistrate and requested counsel be appointed. *Id.* at 365. In his written motion to suppress submitted to the trial court, the accused asserted a violation of his right to counsel and his right against self-incrimination under the Fifth, Sixth, and Fourteenth amendments of the United States Constitution and article one, §§ 10 and 19 of the Texas Constitution. *Id.* Because the accused's global statements consisting of little more than citations to constitutional and statutory provisions failed to assert a specific complaint, the *Swain* Court held that the accused's "global statements in his pretrial motion to suppress were not sufficiently specific to preserve the arguments he [was] making on appeal" under Rule 33.1 of the Texas Rules of Appellate Procedure. *Id.*[12]

Again, based upon these precedents and the procedural safeguards in place, we find that the right to have counsel present during post-indictment defendant-initiated interrogations is not a waivable-only right. Therefore, because Appellant failed to make a timely objection to the admission of his inculpatory statements, he failed to preserve the argument on appeal.

## II.  Waiver

Furthermore, even if the right to have counsel present during post-indictment defendant-initiated interrogations is a "waivable-only" right, the record establishes Appellant did not forfeit that right by inaction but instead affirmatively waived that right by initiating

---

[12]*See also Sabedra v. State*, No. 05-03-01709-CR, 2005 WL 1155068, at *2 (Tex.App.–Dallas 2005, pet. dism'd, untimely filed) (not designated for publication) (failure to make a specific objection at trial that admission of tape recording violated Sixth Amendment right to counsel waived point on appeal).

contact. The uncontroverted evidence indicates Appellant initiated the communication with Officer Koontz under circumstances evidencing a voluntary, knowing, and intelligent desire to engage in a generalized discussion of his ongoing investigation for purposes of his own personal benefit. *See Oregon v. Bradshaw*, 462 U.S. 1039, 1045-46, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983); *Baldree*, 784 S.W.2d at 685-86.

The record reveals that Appellant alone requested the meeting with Officer Koontz. At the meeting, Appellant indicated he wished to negotiate a deal permitting him to avoid serving time in prison in return for giving information. Appellant's actions and statements indicated that he wished to "go it alone" without counsel and open up a more generalized discussion related to Officer Koontz's investigation.

Further, there is no evidence of record that Officer Koontz "deliberately elicited" incriminating information from Appellant.[13] Officer Koontz neither coerced, threatened, promised nor induced Appellant to make any incriminating statements. The record is uncontroverted that Officer Koontz informed Appellant he could promise him nothing in exchange for the information and Appellant's subsequent statements were made in furtherance of his unilateral desire to obtain a deal. True, Appellant received no *Miranda*

---

[13]"Deliberate elicitation" is "intentionally creating a situation likely to induce [a person] to make incriminating statements without the assistance of counsel." *United States v. Henry*, 447 U.S. 264, 274, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980). Whether the law enforcement officer engaged in deliberate elicitation may be established by proof that the officer engaged in conduct designed to elicit an incriminating response from the accused before the accused communicated information about the offense or his desire to convey information about the offense. *Maldonado*, 259 S.W.3d at 191. See *Lara v. State*, 740 S.W.2d 823, 833 (Tex.App.–Houston [1st Dist.] 1987, pet. ref'd), *cert. denied*, 493 U.S. 827, 110 S.Ct. 92, 107 L.Ed.2d 57 (1989).

11

warnings when the conversation took place, however he was free on bail and could have left the DEA office at any moment. *See Montejo*, 129 S.Ct. at 2090 ("When a defendant is not in custody, he is in control, and need only shut his door or walk away to avoid police badgering . . . noninterrogation interactions with the State do not involve the 'inherently compelling pressures,'[citation omitted], that one might reasonably fear could lead to involuntary waivers.")

Accordingly, considering all the facts and circumstances surrounding Appellant's meeting with Officer Koontz in July 2008, we find Appellant waived his Sixth Amendment right to counsel when he initiated the contact with Officer Koontz. Appellant's single point of error is overruled.

**Conclusion**

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Publish.