02-10-334 & 335-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00334-CR

NO. 02-10-00335-CR

 

 


 
 
 Oswaldo Javier Reyes
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 158th
District Court OF Denton COUNTY

----------

 

OPINION

----------

 

I.  Introduction

Appellant
Oswaldo Javier Reyes appeals his sentences of fifty years’ incarceration and twenty
years’ incarceration that the trial court imposed after he pleaded guilty to
two separate counts of aggravated assault with a deadly weapon against a family
member.  We will affirm.

II.  Background

Reyes and his wife, Jesika, separated after
Christmas 2008.  After separating, Reyes moved in with his parents.  Reyes sent
Jesika a text message on January 18, 2009.  In the message, Reyes informed Jesika
that a friend of his was interested in buying some of their old furniture. 
Jesika agreed to meet at the couple’s former apartment that night so that the
friend could look at the furniture.  But when Jesika arrived at the apartment,
Reyes pulled a gun from his pocket and directed Jesika to the bedroom.

          Later,
Reyes’s mother and father came to the apartment.  When his parents arrived,
Reyes took their keys and phones and directed them to the bedroom as well. 
After several hours of pleading with Reyes, Reyes’s father ultimately convinced
him to go back home with him.  As they left the bedroom, Reyes’s mother asked
for some water.  Jesika went to the kitchen and retrieved a bottle of water. 
On her way back from the kitchen, Reyes fired two shots at Jesika—one hit her
leg and the other her side.  Jesika fled the apartment and sought help from a
neighbor.  Jesika survived the shooting.

          The
State indicted Reyes with two counts of aggravated assault with a deadly weapon
against a family member—one count for shooting Jesika and the other for
threatening his father with a deadly weapon.  Reyes, through his trial counsel,
notified the State and the trial court that he would be proceeding with an open
plea whereby Reyes would enter a plea of guilty to each of the indictments but
elect to have the trial court assess punishment.  The trial court notified
Reyes’s trial counsel that his pleas of guilty would be accepted and that a
punishment hearing would be held on May 28, 2010.

          A
probation officer went to the jail where Reyes was being held on May 27, 2010,
and conducted a presentence investigation (PSI) interview.  According to an
affidavit written by Reyes’s trial counsel and introduced during a hearing held
on Reyes’s motion for new trial, trial counsel was not informed that this
interview was going to take place.  On May 28, 2010, Reyes signed judicial
confessions and pleaded guilty.  The punishment hearing then commenced, and
Reyes and the State were provided copies of the PSI report, which was
predicated on the probation officer’s interview.

          At
the punishment hearing, Reyes took the stand and testified on his own behalf.  When
the State asked Reyes whether he intended to kill Jesika when he shot her, he
answered, “No.”  The State then used contents from the PSI report to impeach
Reyes’s testimony, and Reyes admitted that he had told the probation officer
that he did intend to kill Jesika.  Reyes did not object to the PSI report at
this time or at any time during the punishment hearing.  At the conclusion of
the punishment phase, the trial court sentenced Reyes to fifty years’
confinement for the assault on Jesika and twenty years’ confinement for the
assault against his father.

          On
June 28, 2010, Reyes’s appellate counsel filed a motion for new trial, where
for the first time Reyes alleged that the PSI interview was a critical stage in
the State’s cases against him and that the interview was conducted in violation
of his Sixth Amendment right to have counsel.  The trial court conducted a
hearing on the motion for new trial and denied Reyes’s motion.  This appeal
followed.

III.  Discussion

In two
points, Reyes argues that his Sixth Amendment right to counsel; his Texas constitution
article I, section 10 right to counsel; his Fifth Amendment right against
self-incrimination; his Texas constitution article I, section 10 right against
self-incrimination; and several statutory rights to counsel were violated when
the probation officer interviewed him for the PSI without the benefit of his
counsel being present and without informing him of Miranda and Texas
Code of Criminal Procedure article 38.22 warnings.[1] 
Reyes asks this court to remand for a new trial on punishment.[2]

          Citing
unpublished cases that stand for the proposition that the failure to object to
a trial court’s consideration of a PSI report at punishment forfeits any
potential error for appellate review, the State argues that Reyes has failed to
preserve these issues for our review.  See Fisher v. State, No. 02-04-00434-CR,
2005 WL 994740, at *1 (Tex. App.—Fort Worth Apr. 28, 2005, no pet.) (mem op., not
designated for publication) (holding that by failing to object to trial court’s
consideration of PSI report, defendant forfeited his contention that statements
contained in report violated the Confrontation Clause of the Sixth Amendment); see
also Zamudio v. State, No. 14-02-00283-CR, 2003 WL 297737, at *1 (Tex.
App.—Houston [14th Dist.] Feb. 13, 2003, no pet.) (mem. op., not designated for
publication) (holding that by failing to object to court’s consideration of PSI
report, defendant forfeited his contention that his Sixth Amendment right to
counsel was violated by court’s requirement that he give statement to probation
officer preparing PSI report without his counsel being present).

Reyes
candidly admits that he did not object to the trial court’s consideration of
the PSI report, and his position on preservation of these issues is somewhat
convoluted.  In part of his brief, Reyes contends that he could not have
objected to the court’s consideration of the PSI report at the punishment
hearing because “no valid objection to the trial court’s [consideration] of the
PSI report existed under Texas statutory law.”  And yet later, Reyes contends
that what separates this case from those cases where the PSI report was not
objected to when considered by the trial court and the reviewing court
concluded that the objections had been waived is that in this case “the
constitutional violations about which [he] complains occurred at the moment
when the objectionable PSI interview commenced, not later when the fruits of
those violations were presented to the trial judge.”

This
court is at a loss to understand how the failure to contemporaneously object to
the trial court’s consideration of a PSI report is affected by the timing of
the State’s alleged infraction.  Indeed, a review of those cases where courts
have considered the preservation of error regarding a trial court’s
consideration of a PSI report demonstrates that the alleged violations in those
cases also occurred prior to the punishment hearing, and thus the consideration
of the PSI report as well.  See Fisher, 2005 WL 994740, at *1.

The
dissent takes issue with our position that the timing of the objection has no
effect on our analysis regarding whether Reyes has in fact preserved his complaints
for our review.  Dissent op. at 2.  Like the dissent, Reyes seems to believe
that because the alleged infraction occurred prior to his entry of guilt, this
case is distinguishable from other cases where the introduction of a PSI report
obtained under alleged State infractions were analyzed under traditional
preservation rules.  But an examination of the caselaw summarily dismisses both
Reyes’s and the dissent’s position regarding the timing of the alleged
infraction.  See Hollin v. State, 227 S.W.3d 117, 123 (Tex. App.—Houston
[1st Dist.] 2006, pet. ref’d) (“Appellant made no objection in the trial court
either to the order of proceedings or to the consideration of the PSI report
prior to a formal finding of guilt.”); see also Renteria v. State, No.
01-06-00677-CR, 2007 WL 3038041, at *1 (Tex. App.—Houston [1st Dist.] Oct. 18,
2007, no pet.) (mem. op., not designated for publication) (holding that
defendant’s failure to object to trial court’s consideration of PSI report,
even though PSI report was obtained prior to formal entry of guilt, waived
complaints for appellate review).

While
recognizing that even the nature of his complaint has been rejected in other
cases, and despite the dissent’s argument that we misunderstand the issue in this
case, what separates Reyes’s complaint from a number of cases that have poured
out the appellant under preservation-of-error rules is that Reyes contends that
he was not required to object to the trial court’s consideration of the PSI report
because the nature of the State’s infractions in this case implicated “fundamental”
errors that required no objection at trial.  But see, e.g., United States v.
Washington, 11 F.3d 1510, 1517 (10th Cir. 1993), cert. denied, 511
U.S. 1020 (1994) (holding that Fifth Amendment privilege against
self-incrimination does not apply to PSI interview); United States v. Woods,
907 F.2d 1540, 1543 (5th Cir. 1990), cert. denied, 498 U.S. 1070 (1991)
(holding defendant’s Sixth Amendment right to counsel not violated because routine
PSI interview not critical stage of proceedings in which counsel’s presence or
advice is necessary); Trimmer v. State, 651 S.W.2d 904, 905–06 (Tex.
App.—Houston [1st Dist.] 1983, pet. ref’d) (holding that defendant need not be
admonished regarding his Fifth Amendment and Miranda rights before
participating in a routine presentence interview).

          The
main issue that must be decided regarding whether Reyes preserved these issues
for our review is whether the nature of his complaints required him to have objected
at the moment the trial court considered his PSI report.[3] 
As Reyes puts it, the rights he complains of that were violated are “so
fundamental[[4]] to the proper
functioning of our adjudicatory process as to enjoy special protection in the
system.”

          A.      General
Preservation Rules

As a
general rule, to preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Layton
v. State, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009).  An objection must
be made as soon as the basis for the objection becomes apparent.  Tex. R. Evid.
103(a)(1); Saldano v. State, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002)
(“We have consistently held that the failure to object in a timely and specific
manner during trial forfeits complaints about the admissibility of evidence.”).
 This gives the trial judge and the opposing party an opportunity to correct
the error at a time when the judge is in the best position to take testimony,
if necessary; consider counsels’ arguments; and rule on the objection in the
context of the present proceeding.  See Pena v. State, 285 S.W.3d 459,
464 (Tex. Crim. App. 2009).  Further, the trial court must have ruled on the
request, objection, or motion, either expressly or implicitly, or the
complaining party must have objected to the trial court’s refusal to rule. 
Tex. R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex.
Crim. App. 2004).  A reviewing court should not address the merits of an issue
that has not been preserved for appeal.  Ford v. State, 305 S.W.3d 530,
532 (Tex. Crim. App. 2009).

In
the absence of proper procedural perfection of error, the only type of errors
that may be raised for the first time on appeal are complaints that the trial
court disregarded an absolute or systemic requirement or that the appellant was
denied a waivable-only right that he did not waive.  Bessey v. State,
239 S.W.3d 809, 812 (Tex. Crim. App. 2007); Mendez, 138 S.W.3d at 340–41;
Marin v. State, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993), overruled
on other grounds by Cain v. State, 947 S.W.2d 262 (Tex. Crim. App. 1997).

Therefore,
because Reyes failed to procedurally perfect his objection to the trial court’s
consideration of the PSI report by objecting when the PSI report was introduced
at trial or by objecting to the PSI report when Reyes testified to contents of
the PSI report, we are prohibited from considering his assignment of error
unless the admission of the PSI report violated a systemic or absolute
requirement or Reyes did not forfeit a right that was “waivable only.”  Mendez,
138 S.W.3d at 340–41.

B.      The
Rights Reyes Complains of Are Neither Systemic Nor Absolute Requirements

 

Recognized
as being absolute, systemic requirements are not necessarily constitutional.  Hall
v. State, 303 S.W.3d 336, 341 (Tex. App.—Amarillo 2009, pet. ref’d).  Systemic
or absolute requirements include, but are not limited to, personal
jurisdiction, subject-matter jurisdiction, a penal statute’s compliance with
the separation of powers section of the state constitution, a constitutional
requirement that a district court conduct its proceedings at the county seat, a
constitutional prohibition against ex post facto laws, and certain
constitutional restraints on the comments of a judge.  Saldano, 70
S.W.3d at 888–89.

Systemic
requirements are to be observed even without partisan request and cannot lawfully
be avoided even with partisan consent.  Sanchez v. State, 120 S.W.3d
359, 366 (Tex. Crim. App. 2003).  Therefore, an appellant may complain that an
absolute requirement or prohibition was violated, and the merits of his
complaint on appeal are not affected by the existence of a waiver or forfeiture
at trial.  Id.

The
Sixth Amendment guarantees that “[i]n all criminal prosecutions, the accused
shall enjoy the right . . . to have the Assistance of
Counsel for his defence.”  U.S. Const. amend. VI; see Gideon v. Wainwright,
372 U.S. 335, 339, 83 S. Ct. 792, 794 (1963).  The Sixth Amendment right
to counsel applies in all state criminal prosecutions in which the defendant is
accused of a felony.  Id. at 342; 83 S. Ct. at 795.  Once the
adversarial judicial process has been initiated, the Sixth Amendment guarantees
a defendant the right to have counsel present at all “critical” stages of the
criminal proceeding.  Montejo v. Louisiana, 556 U.S. 778, 129 S. Ct.
2079, 2085 (2009); Hughen v. State, 297 S.W.3d 330, 334 (Tex. Crim. App.
2009), cert. denied, 130 S. Ct. 3291 (2010).  Interrogation by the
police or a state actor acting on behalf of the police, after charges have been
filed, is considered to be a critical stage.  Brewer v. Williams, 430
U.S. 387, 398, 97 S. Ct. 1232, 1239 (1977); Hughen, 297 S.W.3d at
334.

The
Fifth Amendment of the United States Constitution provides that “[n]o person . . . shall
be compelled in any criminal case to be a witness against himself.”  U.S.
Const. amend. V.  As a prophylactic protection of this Fifth Amendment right,
law enforcement officials, before questioning a person in custody, must inform
a defendant that he has the right to remain silent and that any statement he
makes may be used against him in court.  Miranda v. Arizona, 384 U.S.
436, 444, 86 S. Ct. 1602, 1612 (1966); Ramos, 245 S.W.3d 410, 418
(Tex. Crim. App. 2008).

This
State’s corollary to Miranda warnings is found in Texas Code of Criminal
Procedure article 38.22.  Tex. Code Crim. Proc. Ann. art. 38.22, § 2 (West
2005).  Article 38.22 sets out the requirements for the admission of an
accused’s statements.  Under Article 38.22, written statements are not
admissible unless it is shown on the face of the statement that the appellant
received the appropriate warnings (1) that the accused has the right to
remain silent, (2) that anything he says may be used against him at his
trial or in court, (3) that he has the right to have an attorney be present
and advise him during questioning, (4) that an attorney will be provided before
questioning if he cannot afford one, (5) and that he has the right to
terminate the interview at any time.  Id.  The face of the statement
must also show that the accused waived all these rights.  Id.

As a
procedural safeguard, a defendant has at least two opportunities to seek
redress for any alleged violation of these rights.  Hall, 303 S.W.3d at
342.  First, a defendant may file a pretrial motion to suppress evidence and
have it heard and ruled upon before trial.  Tex. Code Crim. Proc. Ann. art. 28.01,
§ 1(6) (West 2006).  A motion to suppress is a specialized objection
regarding the admissibility of evidence.  Galitz v. State, 617 S.W.2d
949, 952 n.10 (Tex. Crim. App. 1981) (op. on reh’g).  Such a motion is the
proper remedy when evidence is illegally obtained in violation of a defendant’s
rights.  Hall, 303 S.W.3d at 342; Wade v. State, 814 S.W.2d 763,
764 (Tex. App.—Waco 1991, no pet.) (citing Jackson v. State, 717 S.W.2d
713, 715 (Tex. App.—San Antonio 1986, pet. ref’d, untimely filed)).  Second, a
defendant can always object to the admission of the evidence at the time it is
offered at trial.  Tex. R. Evid. 103(a)(1); see Holmes v. State, 248
S.W.3d 194, 199 (Tex. Crim. App. 2008).  Under either safeguard, the accused is
empowered by statute to have his counsel seek redress of any Fifth or Sixth
Amendment violation or a failure to comply with article 38.22 during a
post-indictment interrogation before there is any possibility the violation
might affect his ability to receive a fair trial.  Hall, 303 S.W.3d at
342 & n.10.

Given
that the court of criminal appeals has never held that the rights Reyes now
complains of are systemic or absolute and given the procedural safeguards in
place which are by nature invoked by the party and can even be avoided by a
party’s own consent in the event of a violation of these rights, we conclude
that the rights Reyes complains of are not systemic or absolute rights.

C.      The
Trial Court’s Consideration of a PSI Report Is Not a Waivable-Only Right

 

Waivable-only
rights are rights that cannot be waived merely by omission.  Instead, those
rights can only be waived by affirmative acts of commission.  Waivable-only
rights include the right to assistance of counsel at trial, the right to trial
by jury, and the right of appointed counsel to have ten days of trial
preparation.  See Aldrich v. State, 104 S.W.3d 890, 895–96 (Tex. Crim. App.
2003); see also Williams v. State, 252 S.W.3d 353, 355 (Tex. Crim. App. 2008);
Saldano, 70 S.W.3d at 888.

Although
the court of criminal appeals has yet to expressly decide whether evidence
introduced at trial obtained in violation of an accused’s Sixth Amendment right
to counsel or an accused’s Fifth Amendment right against self-incrimination
during post-indictment interrogation is “waivable only,” the court’s opinion in
Swain v. State, 181 S.W.3d 359 (Tex. Crim. App. 2005) is instructive in
our determination of what is required to procedurally perfect such an alleged
error.  In Swain, the defendant asserted on appeal that the police
violated his right to counsel under the Fifth and Sixth Amendments when they
continued to question him after the accused had appeared before a magistrate
and requested counsel be appointed.  Id. at 365.  In his written motion
to suppress submitted to the trial court, the accused asserted a violation of
his right to counsel and his right against self-incrimination under the Fifth,
Sixth, and Fourteenth Amendments of the United States Constitution and article
one, sections 10 and 19 of the Texas Constitution.  Id.  But because the
accused’s global statements consisting of little more than citations to
constitutional and statutory provisions failed to assert a specific complaint,
the Swain court held that the accused’s “global statements in his
pretrial motion to suppress were not sufficiently specific to preserve the
arguments he [was making] on appeal” under rule 33.1 of the Texas Rules of
Appellate Procedure.  Id.; see also Sabedra v. State, No. 05-03-01709-CR,
2005 WL 1155068, at *2 (Tex. App.—Dallas May 17, 2005, pet. dism’d, untimely
filed) (not designated for publication) (failure to make a specific objection
at trial that admission of tape recording violated Sixth Amendment right to
counsel forfeited point on appeal).

Following
the Swain court, the Amarillo court of appeals has held that the
defendant failed to preserve for appellate review his claim that he had the
right to have counsel present during post-indictment, defendant-initiated
interrogations, where defendant failed to make timely objection to admission of
his inculpatory statements.  Hall, 303 S.W.3d at 343.  And in a related
case, this court in the unpublished case of Fisher held that the
defendant failed to procedurally perfect his complaint that statements
contained in his PSI report violated the Confrontation Clause of the Sixth
Amendment.  Fisher, 2005 WL 994740, at *1.

Based
upon these precedents and the procedural safeguards in place discussed above,
we conclude and hold that in order to procedurally perfect for our review a
trial court’s consideration of a PSI report that is obtained in alleged
violation of a defendant’s Fifth Amendment right against self-incrimination;
his Texas constitution article I, section 10 right to counsel; and his Sixth
Amendment right to have counsel present when a probation officer questions him
during preparation of the PSI report, the defendant must object to the trial
court’s consideration of the PSI report when it is considered by the trial
court.  Reyes did not do so.  Thus, having failed to object to the trial court
considering the PSI report, Reyes failed to procedurally perfect these
arguments and has forfeited them for our review.

The
dissent takes issue with our recital of the law that the right to counsel at
trial cannot be forfeited but must affirmatively be waived.  Dissent op. at 5–6. 
The dissent contends that this articulation of the law is at conflict with our
holding.  A study of caselaw, however, demonstrates that the right to counsel
is not a sweepingly broad right that swallows all procedurally forfeitable
rights that are tangentially related to Fifth and Sixth Amendment rights to
counsel.  See Swain, 181 S.W.3d at 365 (holding that defendant failed to
preserve for appellate review his claim that his oral statement to detective
and investigator and his third written statement were obtained in violation of
his right to counsel where on the motion to suppress, defendant failed to
complain about being questioned after asserting his right to counsel and
instead simply objected that his statements were inadmissible because the
police illegally arrested him and failed to comply with statutory requirements);
see also Hall, 303 S.W.3d at 344–45 (holding that defendant failed to
preserve for appellate review claim that he had right to have counsel present
during post-indictment, defendant-initiated interrogations where defendant
failed to make timely objection to admission of his inculpatory statements).  Compare
Marin, 851 S.W.2d at 279 (“Rights which are waivable only, as well as
absolute systemic requirements and prohibitions, cannot be made subject to
rules of procedural default because, by definition, they are not forfeitable.”).

The
dissent seems to address the semantics of the language enunciated in these
cases.  This is understandable given that the right to counsel is often
described as a fundamental right that is “waivable only.”  See Garcia v.
State, 149 S.W.3d 135, 141 (Tex. Crim. App. 2004) (reasoning that certain
rights, such as the right to counsel, are implemented as a matter of course
unless the defendant takes affirmative action to prevent such implementation). 
But there is a difference between the denial of a certain right engulfed by the
right to counsel versus evidence introduced at trial that allegedly had been
obtained in violation of that right.  While the right to counsel, including
most notably the right to effective assistance of counsel, is not subject to
forfeiture, cases like this case, that have dealt with the issue of evidence
introduced at trial that was allegedly obtained in violation of the right to
counsel, have treated the issue as one falling squarely within appellate rules
of forfeiture or procedural default.  See Robinson v. State, 16 S.W.3d
808, 813 (Tex. Crim. App. 2000) (holding that defendant was not procedurally
barred from claiming ineffective assistance of trial counsel on direct appeal).
 Compare Hall, 303 S.W.3d at 336 (holding that defendant failed to
preserve for appellate review claim that he had right to have counsel present
during post-indictment, defendant-initiated interrogations where defendant
failed to make timely objection to admission of his inculpatory statements).

As
stated above, the policy behind treating evidence obtained in violation of “fundamental”
rights equal to other evidentiary matters is that “objections promote the
prevention and correction of errors.  When valid objections are timely made and
sustained, the parties may have a lawful trial.  They, and the judicial system,
are not burdened by appeal and retrial.  When a party is excused from the
requirement of objecting, the results are the opposite.”  Saldano, 70
S.W.3d at 887.  Moreover, rights once thought to be “waivable only” actually
require an objection at trial.  See Gonzalez v. State, 8 S.W.3d 640–45
(Tex. Crim. App. 2000) (holding that requiring a defendant to timely raise a violation
of Fifth Amendment’s prohibition regarding multiple punishments in the trial
court serves legitimate state interests and is consistent with the underlying
policies of the general rules of procedural default).  On these points, the court
of criminal appeals has consistently held that the failure to object in a
timely and specific manner during trial forfeits complaints about the
admissibility of evidence.  Mendoza v. State, 552 S.W.2d 444, 450 (Tex. Crim.
App. 1977) (trial court did not commit fundamental error by allowing testimony
that denied defendant federally guaranteed constitutional rights; defendant was
required to object to preserve this error).  This general principle is even
true when evidence is obtained in violation of what otherwise would be
considered “fundamental.”  See Swain, 181 S.W.3d at 365; see also
Gauldin v. State, 683 S.W.2d 411, 413 (Tex. Crim. App. 1984) (failure to
preserve error regarding admitted statements obtained in violation of Miranda
when trial counsel failed to obtain ruling on motion to suppress statements), overruled
on other grounds by State v. Guzman, 959 S.W.2d 631, 634 (Tex. Crim. App. 1998). 
We overrule both of Reyes’s points.

IV.  Conclusion

Having overruled Reyes’s two points, we affirm
the trial court’s judgments.

 

 

BILL MEIER
JUSTICE

 

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

 

DAUPHINOT, J. filed a dissenting opinion.

 

PUBLISH

 

DELIVERED: 
February 9, 2012

 

 














 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

 


 
 
 Oswaldo Javier Reyes
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 158th
District Court OF Denton COUNTY

----------

DISSENTING
OPINION

----------

Respectfully,
I cannot join the majority opinion.  Despite its conscientious consideration of
Appellant’s issues as perceived by the majority and despite the majority’s
thorough examination of the record, I do not believe that the majority opinion
addresses the issues actually raised by Appellant.  That is, I believe that the
majority misunderstands Appellant’s complaints.

The
majority appears to believe that Appellant’s issues are based on the
admissibility of a presentence investigation report (PSI) or the authority of
the trial court to order or consider a PSI.  In a footnote, the majority finds
Appellant’s prayer for relief to be “peculiar” because “once remanded, the
trial court would still possess the statutory authority to order a new PSI.”[5] 
The majority candidly admits that it is “at a loss to understand how the
failure to contemporaneously object to the trial court’s consideration of a PSI . . . is
affected by the timing of the State’s alleged infraction.”[6]

Clearly,
the majority does not understand the issue.  The issue is whether a criminal
defendant may be questioned at a critical stage of the proceeding when he is
represented by counsel but without advising the attorney who represents him.  A
concise recitation of the facts will be helpful:

1.           
Appellant
was indicted on February 26, 2010, in two separate indictments on aggravated
assault of a family member by shooting Jesika and aggravated assault of a
family member by threatening his father with a deadly weapon.

 

2.           
By
at least October 9, 2009, Appellant’s attorney notified the State and the trial
court that he would be entering an open plea of guilty in a bench trial.

 

3.           
On
January 21, 2010, Appellant’s attorney again appeared for him and indicated
Appellant’s intention to plead guilty, and the case was passed to another
setting.

 

4.           
On
April 9, 2010, counsel again appeared for Appellant and again informed the
trial court that Appellant intended to plead guilty.

 

5.           
On
that date the trial court told Appellant’s attorney that Appellant’s pleas of
guilty would be accepted at the punishment hearing set for May 28, 2010.

 

6.           
On
May 27, 2010, the day before the punishment hearing, a probation officer
conducted a presentence investigation interview of Appellant at the Denton
County Jail.

 

7.           
No
one notified Appellant’s attorney that the probation officer was going to
interview Appellant in the jail.

 

8.           
Appellant
did not waive his right to have counsel present during questioning.

 

9.           
Both
the prosecutor and the defense attorney were given a copy of the PSI.

 

10.        
Appellant
testified on his own behalf at the trial.

 

11.        
The
State used the PSI to question Appellant about his intent to kill Jesika when
his testimony differed from the PSI.

As
in Estelle v. Smith,[7] the trial court, not the
State, sent the officer to interview Appellant.  No one notified Appellant’s
lawyer, who had already made at least three appearances for Appellant, that
anyone would be questioning Appellant, who was in jail.  No one told Appellant that
he had a right to remain silent or the right to have counsel present pursuant
to the Fifth and Sixth Amendments to the Constitution of the United States. 
Although a copy of the PSI resulting from the questioning of Appellant by the
probation officer was provided to Appellant, it was also provided to the State,[8]
who used it as the basis of its cross-examination of Appellant.  Indeed, the
probation officer asked Appellant questions based on information provided to
him by the district attorney’s office.

Appellant’s
complaint is that he was denied his Sixth Amendment right to counsel, not that
the trial court had no authority to order the PSI.  He argues that objection to
the PSI was not required to preserve his Sixth Amendment protection.  The Sixth
Amendment right to counsel attaches “automatically” at the initiation of
adversary criminal proceedings.[9]  The fundamental nature
of the right to counsel makes it obligatory on the states by the due process
clause of the Fourteenth Amendment.[10]

Although
the trial court has the authority to order a PSI—which I believe permits ex parte
communication with the trial court, private investigation into facts affecting
sentencing that are often hearsay upon hearsay, improper opinion expressed for
the purpose of influencing the trial court, and denial of confrontation and
cross-examination of declarants providing the PSI information to the trial court—the
trial court has no authority to require the defendant to speak with the probation
officer.[11] 
A remand would not deprive Appellant of his Fifth Amendment right to remain
silent, nor would it deprive him of his Sixth Amendment right to seek the
advice of counsel in deciding whether to speak to the probation officer.  Neither
the trial court, nor the probation officer, nor his own lawyer can compel a
defendant in a criminal case to give up his right to remain silent.

Appellant
argues that because the Fifth and Sixth Amendment rights must be waived
personally by a defendant and cannot be waived by counsel, those rights,
consequently, cannot be waived by counsel by procedural default.[12]

Additionally,
the State brings out the point that there is no evidence that the trial court
used the PSI.  Rather, it was used to gain admissions and to provide
information for the prosecution to use in cross-examination of Appellant in the
punishment phase of the trial.  But it was admitted into evidence with no
objection.  That fact is uncontroverted, but neither is it the issue raised by
Appellant.

The
majority states that “[w]aivable-only rights include the right to assistance of
counsel at trial . . . ,”[13] but the majority does
not address the fact that Appellant was denied the assistance of counsel during
trial when the representative of the court, the probation officer, knowing that
Appellant was represented by counsel, interviewed Appellant without warning him
of his right not to speak to the officer, without warning him that he had the
right to have his attorney present, and without giving notice to Appellant’s
counsel of the interview.

Because
the majority fails to address the issue actually argued by Appellant and
because the majority opinion turns on a question different from that raised by
Appellant, I must respectfully dissent from the majority opinion.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PUBLISH

DELIVERED:  February 9, 2012









[1]Although in his brief
Reyes states that the statutes designed to implement his right to counsel “may”
provide “a statutory right to counsel beyond what is mandated by” federal and
this State’s constitutions, he does not provide an argument or cite any binding
authority for this position.  Furthermore, Reyes never argues that the Texas
constitutional rights he cites provide greater protection than their federal
counterparts.  We therefore will address the Fifth and Sixth Amendment
arguments that Reyes brings as including the Texas constitution and statutory
rights he addresses in his brief.





[2]Reyes’s prayer for relief
is peculiar.  If this court were to hold that the resolution of this case
required a new punishment hearing only, then, once remanded, the trial court
would still possess the statutory authority to order a new PSI.  See Tex.
Code Crim. Proc. Ann. art. 42.12 § 9(a) (West Supp. 2011).  The dissent
takes issue with our position that Reyes’s prayer is peculiar, but it seems
that if this court were to hold that Reyes’s case should be remanded, the more
logical relief would be to request that this court remand back to the time of
the infraction prior to Reyes’s formal entry of guilt.  Furthermore, and in a
concession contrary to his position, even Reyes admits in his brief that there
is authority that stands for the proposition that counsel is not required to be
present during a presentence investigation that is ordered after the formal
entry of guilt.





[3]Reyes’s earliest objection
to the trial court’s consideration of the PSI report came in his motion for new
trial, one month after the trial court pronounced his sentences at the
punishment hearing.  In his motion, Reyes complained only of a Sixth Amendment
violation.  For the first time on appeal, Reyes also brings a Fifth Amendment
complaint.





[[4]]This court has
already recognized the movement to stray from the use of the term
“fundamental,” to denote a right that requires no preservation of error in
order to claim a violation of such a right on appeal.  See Parker v. State,
No. 02-11-00032-CR, 2011 WL 5984539, at *2 n.4 (Tex. App.—Fort Worth Dec. 1,
2011, no pet.) (mem. op., not designated for publication).  But because Reyes
uses that term in a manner consistent with a number of cases that use the term
and because the rules of evidence use the term, we will use it as well.  See
Tex. R. Evid. 103(d).





[5]Majority op. at 4 n.2.





[6]Id. at 6.





[7]451 U.S. 454, 456–57, 101
S. Ct. 1866, 1870 (1981).





[8]See Tex. Code Crim.
Proc. Ann. art. 42.12, § 9(d), (f) (West Supp. 2011) (requiring that the
defense have access to the PSI and that the State have access to “any
information made available to the defendant”).





[9]Davis v. United States,
512 U.S. 452, 456–57, 114 S. Ct. 2350, 2354 (1994); Dinkins v. State,
894 S.W.2d 330, 351 (Tex. Crim. App.), cert. denied, 516 U.S. 832
(1995).





[10]Gideon v. Wainwright,
372 U.S. 335, 343–44, 83 S. Ct. 792, 796 (1963).





[11]See Mitchell v. United
States, 526 U.S. 314, 325–26, 119 S. Ct. 1307, 1313 (1999); Estelle,
451 U.S. at 462–63, 101 S. Ct. at 1873; Carroll v. State, 42 S.W.3d
129, 132 (Tex. Crim. App. 2001).





[12]See Marin v. State,
851 S.W.2d 275, 278–79 (Tex. Crim. App. 1993).





[13]Majority op. at 13.