

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00372-CR
_____

VICTOR OLIVARES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 2
Lubbock County, Texas
Trial Court No. 2015-485,385, Honorable Drue Farmer, Presiding

January 25, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Victor Olivares, appellant, appeals his conviction for driving while intoxicated, his second DWI offense.[1] In his sole issue, appellant contends that the trial court erred in denying his motion to suppress evidence. We affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 49.09(a) (West Supp. 2018) (a second DWI offense constitutes a Class A misdemeanor).

Background

In the early morning hours of June 27, 2015, appellant drove his SUV into several vehicles parked in a Lubbock car sales lot. An officer from the Lubbock Police Department responded to the accident. When asked by the officer whether he had anything to drink before driving, appellant reported that he had "one shot of a margarita" earlier in the evening. After smelling alcohol on appellant's breath and observing that appellant had bloodshot, watery eyes and slurred speech, the officer began field sobriety testing. The officer began to administer the horizontal gaze nystagmus test. Before the testing was complete, appellant informed the officer that he was not going to be able to complete the testing. The officer had observed four clues on the test at that point. Appellant further advised that he was not able to perform the walk and turn test as requested by the officer, due to having bad knees.

Appellant was arrested on suspicion of DWI. He agreed to provide a sample of his blood, which revealed an alcohol concentration of .028, below the statutory presumption amount (.08) for alcohol impairment.[2] The blood test also showed several drugs in appellant's system, including THC metabolite, alprazolam, a cocaine metabolite, and Delta-9 THC. Appellant was charged with DWI, second offense. The complaint and information alleged that appellant had "operate[d] a motor vehicle in a public place while intoxicated."

Prior to trial, appellant filed a motion to suppress and requested a hearing under article 28.01 of the Texas Code of Criminal Procedure. Appellant's motion asserted that

---

[2] *See* TEX. PENAL CODE ANN. § 49.01(2) (West 2011).

"evidence of drugs found on or about the person of a Defendant accused in a DWI trial violates Texas Rules of Evidence 403 and 702 unless it is shown that the drugs contributed to the Defendant's intoxication." Appellant noted that the arresting officer did not administer a drug recognition evaluation (DRE) and maintained that an officer who lacked training and experience to identify drug impairment should not be allowed to testify about the presence of drugs. Appellant's motion repeatedly claimed that the only issue in this case is intoxication by alcohol and that, "in a case that is an alcohol-only intoxication case," it would be erroneous to permit the jury to hear that appellant may have been intoxicated on drugs or a combination of alcohol and drugs. Additionally, the motion alleged that the evidence of drugs should be excluded under Rule 403 because it was more prejudicial than probative.

At the hearing on the motion to suppress, neither appellant nor the State presented any witnesses. The police report, alcohol content lab report, and toxicology lab report were admitted into evidence. Appellant's counsel argued that there was no certified drug recognition expert, appellant was not given any test under the drug recognition guidelines, and it would be prejudicial for the jury to speculate about the effect of the drugs without any testimony about those effects. He asserted that the State "should have to show that at the time of the driving that [the drugs] affected [appellant], and he lost his normal use of mental or physical faculties. And there's just not going to be any evidence of that." The State stipulated that the arresting officer was not a DRE expert. The State then argued that case law supported its position that drugs in the system, alone or in combination with alcohol, could cause impairment, and that the State intended to call forensic lab scientists to testify on that matter at trial.

After hearing the parties' arguments and reviewing the case law brought to her attention, the trial judge observed, "A lot of it does turn on the additional evidence that the State would put on in order to make it admissible." She further stated, "I can rule at this point, but I kind of agree that it may be premature." Appellant's counsel pressed for a ruling, and the trial judge denied the motion. Appellant then pleaded guilty. He was sentenced to 180 days in jail, pursuant to a plea agreement. This appeal followed. The record contains no findings of fact or conclusions of law.

## Standard of Review

We review the trial court's ruling on a motion to suppress under a bifurcated standard. *See Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We must give almost total deference to the trial court's determination of historical facts. *Id.* When we review an application-of-law-to-facts question not turning on the credibility and demeanor of witnesses, we review the trial court's rulings de novo. *See Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007). When the record is silent as to the reasons for the trial judge's ruling, or when there are no explicit fact findings and neither party timely requested findings and conclusions, we imply the necessary findings that would support the trial court's ruling if the evidence, when viewed in the light most favorable to the trial court's ruling, supports the findings. *See State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008).

## Analysis

Appellant argues that the trial court erred in denying his motion to suppress because the State failed to provide scientific evidence establishing that the drugs in his

4

system contributed to his intoxication. Appellant maintains that the arresting officer was not qualified to testify as a drug recognition expert, and the State did not provide any other scientific evidence to support admission of the drug evidence. Additionally, appellant asserts that even if the evidence was relevant and reliable, it should have been excluded under Rule 403 because of its prejudicial nature.

A motion to suppress is a specialized objection regarding the admissibility of evidence. *Hall v. State*, 303 S.W.3d 336, 342 n.9 (Tex. App.—Amarillo 2009, pet. ref'd). The trial court's pretrial ruling on a motion to suppress is subject to reconsideration and revision during trial. TEX. R. EVID. 104; *Black v. State*, 362 S.W.3d 626, 633 (Tex. Crim. App. 2012). On a motion to suppress, the "burden of proof is initially on the defendant to raise the exclusionary issue" and to prove facts to support his assertion. *Pham v. State*, 175 S.W.3d 767, 772 (Tex. Crim. App. 2005) (criminal defendant claiming right to protection under an exclusionary rule of evidence has task of proving his case); *see Wilkerson v. State*, 173 S.W.3d 521, 532 (Tex. Crim. App. 2005) (in motion to suppress context, State has no burden to show compliance with procedural safeguards until defendant establishes that statements he seeks to exclude were the product of custodial interrogation).

In his motion to suppress, appellant argued that "[a]dmitting evidence of drugs found on or about the person of a Defendant accused in a DWI trial violates Texas Rules of Evidence 403 and 702 unless it is shown that the drugs contributed to the Defendant's intoxication." Appellant alleged that this case is an "alcohol-only" case and maintained that the State was required to present expert testimony about the effects of the drugs on him for the evidence of the drugs to be admissible. The motion then recited the

5

requirements for admissibility of scientific evidence under Rule 702. However, appellant did not contest the scientific reliability of the blood test itself or point to a deficiency in the qualifications of the forensic scientists the State identified as its expert witnesses. *See Shaw v. State*, 329 S.W.3d 645, 655 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (noting that three requirements of expert testimony—qualification, reliability, and relevance—raise distinct questions and issues).

Both in his motion to suppress and on appeal, appellant relies heavily on *Layton v. State*, 280 S.W.3d 235, 240 (Tex. Crim. App. 2009). In *Layton*, the defendant was charged specifically with alcohol intoxication.[3] *Id.* at 240-41. The defendant therefore sought to suppress video evidence which captured his and the arresting officer's statements regarding his consumption of Xanax and Valium. The trial court denied the motion to suppress. At trial, before the video was entered into evidence, the defendant again objected to the portions referencing his use of Xanax and Valium. The trial court overruled his objection. The Court of Criminal Appeals held that, "to be relevant in this specific case, the evidence needed to influence the jury's determination of whether Appellant was intoxicated by alcohol, not another substance combined with alcohol." *Id.* at 241. Because the State presented no evidence at trial showing that the defendant's use of Xanax and Valium was relevant to his intoxication, the trial court erred in allowing the evidence to be introduced to the jury. *Id.* Analogizing the instant case with *Layton*, appellant concluded that the "admission of evidence that [he] possessed drugs on or

---

[3] *See* TEX. PENAL CODE ANN. § 49.01(2) (defining intoxication as "(a) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or (b) having an alcohol concentration of 0.08 or more.").

about his person to prove intoxication, without a sufficient showing under Rule 702 and the *Kelly* test for reliability, would be error that would clearly prejudice [him] at trial."

This case is distinguishable from *Layton*. In *Layton*, the charge was limited to intoxication by use of alcohol, so expert testimony was needed to establish a connection between the defendant's use of controlled substances and their effect on his intoxication. *See id.* at 241-42. Additionally, the defendant in *Layton* did not provide a blood sample showing how much of the controlled substance was in his system. *Id.* at 237. Unlike the defendant in *Layton*, appellant's charge of driving while intoxicated did not limit the definition of intoxication to the introduction of alcohol into the body. Evidence of drugs in appellant's system was shown through a blood test and was relevant to assist the jury in determining whether appellant was intoxicated by any substance. *See, e.g., Armstrong v. State*, No. 05-10-01214-CR, 2012 Tex. App. LEXIS 2041, at *8-9 (Tex. App.—Dallas Mar. 15, 2012, no pet.) (not designated for publication) (blood test showing Xanax in defendant's system was relevant because it assisted the jury in determining whether intoxication was due to Xanax). And indeed, appellant's contention is not that the evidence of drugs in his blood is per se not relevant, but that its relevance is conditional upon a showing that the drugs contributed to his intoxication. The issue we must determine is whether the trial court erred by denying appellant's motion to suppress appellant's blood test results in the absence of such a showing by the State in a suppression hearing.

It is well established that the burdens of production and persuasion generally rest upon the movant in a suppression hearing. *See State v. Robinson*, 334 S.W.3d 776, 782 (Tex. Crim. App. 2011) (Cochran, J., concurring) (on a motion to suppress, the burden is

7

on the party who opposes the use of the evidence to establish that the evidence should not be admitted). By arguing that the blood test results are inadmissible because the State failed to come forward with evidence of their relevance, appellant seeks to impose the general rule regarding who has the burden to establish admissibility at trial, rather than follow the rule regarding who has the burden of proof in a motion to suppress hearing. Sustaining appellant's challenge in the context of a motion to suppress would require a shift of the initial burden of production to the State, which is at odds with the ordinary course of a suppression hearing. We do not find appellant's scheme of shifting burdens applicable in the context of deciding a pretrial motion to suppress, particularly under the circumstances presented here, where the grounds for appellant's motion to suppress was the proposition that this is an "alcohol-only" case.

We agree with the trial judge's observation that a relevancy determination could best be made in the context of trial. Suppressing the evidence on the grounds raised by appellant, before the State sought to introduce the evidence and before the trial court could fully assess, in context, its relevance, would have been premature. Evidence should not be suppressed merely because its relevance might depend on other evidence being produced later in the trial. *See State v. Esparza*, 413 S.W.3d 81, 93 (Tex. Crim. App. 2013) (Keller, J., concurring) (noting pretrial ruling on motion to suppress is not a final determination and "some bases for admitting or excluding the evidence in question may yet turn on events occurring at the trial level"); *Jordan v. State*, 928 S.W.2d 550, 555 (Tex. Crim. App. 1996) (while reliability concerns the scientific basis for expert testimony, relevance concerns the "fit" of proffered evidence or testimony to the case).

Appellant did not carry his burden of establishing a basis for his motion to suppress; i.e., he did not produce any evidence concerning the scientific unreliability or irrelevancy of his blood test. *See State v. Huse*, No. 07-12-00383-CR, 2014 Tex. App. LEXIS 2657, at *22 (Tex. App.—Amarillo Mar. 6, 2014) (mem. op., not designated for publication), *aff'd*, 491 S.W.3d 833 (Tex. 2016) ("By finding the evidence inadmissible because the State failed to come forward with evidence of its reliability and relevancy in the context of a pretrial suppression proceeding, the trial court impermissibly shifted the burden of production and persuasion from Appellee to the State."). Therefore, the burden did not shift to the State to establish admissibility.

Moreover, we find no error in the trial court's failure to grant the motion to suppress based on Texas Rule of Evidence 403. Appellant's arguments in his Rule 403 analysis all hinge on the premise that this is an alcohol-only intoxication case. This is not an alcohol-only intoxication case. Evidence of drugs in appellant's system is probative and needed by the State to prove intoxication; the evidence is not distracting, misleading, or cumulative.

## Conclusion

We conclude that the trial court did not err by denying the motion to suppress. We affirm the trial court's judgment.

Judy C. Parker
Justice

Do not publish.

9