

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00357-CR

---

THOMAS ANTHONY MOORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 33rd/424th District Court
Blanco County, Texas[1]
Trial Court No. 1954, Honorable J. Allan Garrett, Presiding

---

August 27, 2025

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Thomas Anthony Moore, was charged with knowingly possessing a controlled substance, namely methamphetamine, in an amount of four grams or more but less than 200 grams.[2]  The jury found him guilty and assessed punishment at ten years' confinement in the Texas Department of Criminal Justice and a $10,000 fine.  In this

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  See TEX. GOV'T CODE ANN. § 73.001.

[2] See TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d).

appeal, Appellant challenges the trial court's denial of his motion to suppress evidence and the sufficiency of the evidence to support his conviction. We modify the judgment and affirm as modified.

**BACKGROUND**

In the early morning hours of January 15, 2021, Blanco County patrol officer Ethan Winn observed a vehicle with a license plate that was not fully illuminated. He followed the car and ran the registration once he was able to view it. He then learned that insurance on the vehicle was expired, so he conducted a traffic stop. When he made contact with the driver, Appellant, Officer Winn noticed that Appellant showed signs of someone who uses narcotics, such as gaunt facial features and sores around his mouth. He ran a criminal history check and learned that Appellant had an outstanding warrant in Colorado. The officer asked Appellant for consent to search the vehicle, which Appellant denied.

Officer Winn asked Appellant's passenger to step out of the vehicle. The passenger smelled strongly of marijuana and admitted that he had smoked marijuana earlier. While a dispatcher was contacting Colorado authorities to determine whether Appellant would be extradited, Officer Winn deployed his K9, who immediately alerted to the odor of narcotics on the driver's side door of Appellant's vehicle. Based on the K9's alert, Officer Winn performed a search of the vehicle. He found four backpacks, two of which Appellant stated were his. One of Appellant's backpacks contained a 9mm handgun with three magazines, along with a supplement bottle which contained a bag with 6.52 grams of methamphetamine. Officers also found two digital scales, one in the

passenger's backpack and one in the vehicle's trunk, a cut straw, a magnetic box commonly used to conceal drugs, and other drug paraphernalia. Appellant was later charged with possession of a controlled substance.

Before trial, Appellant filed a motion to suppress any evidence obtained from the search of his vehicle, arguing that such evidence was seized without a warrant and without probable cause. The trial court denied the motion. Following a two-day trial, the jury found Appellant guilty as charged.

## ANALYSIS

Appellant raises two issues related to the denial of his motion to suppress, one issue challenging the sufficiency of the evidence, and one issue alleging due process violations.

## Denial of Motion to Suppress Evidence

By his first issue, Appellant contends that the trial court erred by not suppressing the evidence found in his vehicle because the traffic stop was based on poor license plate illumination and the duration of the stop exceeded what was necessary to issue a citation. In his related second issue, Appellant claims that the K9 sniff was improper, such that all evidence seized as a result should have been suppressed. Because both issues challenge the trial court's admission of evidence discovered during the search of Appellant's vehicle, we consider the two issues together. We review the trial court's ruling on a motion to suppress under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 672 (Tex. Crim. App. 2007). We give almost total deference to a trial court's express or implied determination of historical facts and review de novo the court's

3

application of the law of search and seizure to those facts.  *Marcopoulos v. State*, 538 S.W.3d 596, 600 (Tex. Crim. App. 2017).

A motion to suppress is a specialized objection regarding the admissibility of evidence.  *Hall v. State*, 303 S.W.3d 336, 342 n.9 (Tex. App.—Amarillo 2009, pet. ref'd). Such a motion is the proper remedy when evidence is illegally obtained in violation of a defendant's rights.  *Id.*  In this case, Appellant filed a pretrial motion to suppress arguing that the search of his vehicle was illegal due to the length of the stop and to the propriety of the K9 sniff.  In his motion, which the trial court denied, Appellant argued that, because the stop and search were improper, "any and all evidence which relates to [his] arrest" should be barred.

Generally, an adverse ruling on a pretrial motion to suppress evidence will suffice to preserve error for appeal, and a defendant need not specifically object to the evidence when it is later offered at trial.  *Thomas v. State*, 408 S.W.3d 877, 881 (Tex. Crim. App. 2013); *see also Aguilar v. State*, 26 S.W.3d 901, 905 (Tex. Crim. App. 2000) (en banc) (citing TEX. R. APP. P. 33.1) (to preserve error on appeal, complaint must be made in trial court "by a timely request, objection or motion.").  However, a defendant must take care not to affirmatively state that he has "no objection" to the evidence when the evidence is offered at trial, or the defendant may have waived the complaint about previously preserved error.  *Id.*

At trial, Appellant affirmatively stated that he had "no objection" to the admission of previously challenged evidence.  First, Officer Winn testified at length about the traffic stop and ensuing search of the vehicle, including details about his discovery of marijuana,

4

methamphetamine, a handgun with three magazines, and drug paraphernalia. No objection was made to this testimony. Appellant's counsel affirmatively stated he had no objection to State's Exhibit 3, which was a photograph depicting the methamphetamine found in a supplement bottle. Then the State offered Exhibits 2, 4, and 5, which were the field test kit for methamphetamine, a photograph of the contraband found in one of the backpacks, and a photograph of Appellant at the scene of the stop. Appellant's counsel stated that he objected "to the introduction of any of the drugs on the basis that I don't believe it was legal." This objection was overruled. Subsequently, Appellant's counsel affirmatively stated he had "no objection" to the State's other exhibits, which included a photo of the K9 alerting on the vehicle and Officer Winn's bodycam videos depicting the stop and the search. Despite counsel's previous representation that he objected to the admission of the drugs, he affirmatively stated he had "no objection" to State's Exhibit 14, which was the methamphetamine seized during the stop. He did not object to the forensic scientist's report identifying the substance as methamphetamine.

When assessing whether a statement of "no objection" waives a previously preserved error, we must first ask whether "the record as a whole plainly demonstrates that the defendant did not intend, nor did the trial court construe, his 'no objection' statement to constitute an abandonment of a claim of error that he had earlier preserved for appeal . . . ." *Stairhime v. State*, 463 S.W.3d 902, 906 (Tex. Crim. App. 2015) (quoting *Thomas*, 408 S.W.3d at 885). If, after reviewing the entire record, it remains unclear whether waiver was intended, we resolve the ambiguity in favor of finding a waiver. *Id.* Under such circumstances, "the affirmative 'no objection' statement will, by itself, serve

as an unequivocal indication that a waiver was both intended and understood." *Thomas*, 408 S.W.3d at 885–86.

Here, Appellant did not object to Officer Winn's testimony regarding the traffic stop and the results of his search of Appellant's vehicle. Appellant stated that he had no objection to the introduction of the video footage which recorded the search, including the moments the methamphetamine and other items were found. Although he made an objection to the admission of the field test kit and two photos showing drugs, he affirmatively stated he had "no objection" to other evidence depicting the contraband and, most importantly, to the methamphetamine itself.

On this record, we conclude the affirmative statement of "no objection" to the complained-of evidence waives error. *Estrada v. State*, 313 S.W.3d 274, 302 (Tex. Crim. App. 2010) (defendant failed to preserve any error in admission of evidence when defense counsel stated "no objection" to admission of evidence at trial); *Holmes v. State*, 248 S.W.3d 194, 196 (Tex. Crim. App. 2008) (same); *see also Massey v. State*, 933 S.W.2d 141, 149 (Tex. Crim. App. 1996) ("If a defendant objects to the admission of evidence but the same evidence is subsequently introduced from another source without objection, the defendant waives his earlier objection."). Even though Appellant filed a motion to suppress evidence related to the traffic stop and search of his vehicle based on the duration of the stop and the propriety of the K9 sniff, he waived any claim that the trial court erred in denying his motion by stating he had "no objection" to the challenged evidence at trial. Therefore, we overrule his first two issues.

<u>Sufficiency of the Evidence</u>

In his third issue, Appellant asserts that there is insufficient evidence to show that he knowingly and intentionally possessed methamphetamine. In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks v. State*, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010) (Cochran, J., concurring). When reviewing all the evidence under the *Jackson* standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. *See id.* at 906–07 n.26. We defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See id.* at 899. When the record supports conflicting inferences, we presume that the jury resolved any conflicts in favor of the verdict and will defer to that determination. *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012). We measure the sufficiency of the evidence against the elements of the offense as defined by a hypothetically correct jury charge for the case. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

Appellant was convicted of the offense of knowingly possessing a controlled substance, namely methamphetamine, in an amount of four grams or more but less than 200 grams. To prove the requisite intent to possess, the State had to show that Appellant (1) exercised control, management, or care over the substance in question and (2) that he knew that the substance was contraband. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(a), .002(38) (defining possession as "actual care, custody, control, or management"). The State may rely on direct or circumstantial evidence. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005), *overruled on other grounds by Robinson v. State*, 466 S.W.3d 166, 173 n.32 (Tex. Crim. App. 2015). Regardless of whether the evidence is direct or circumstantial, it must establish that a defendant's connection to the contraband was more than fortuitous. *Poindexter*, 153 S.W.3d at 406. Presence or proximity, when combined with other evidence, may be sufficient to establish the element of possession beyond a reasonable doubt. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006).

Texas courts have identified several relevant factors that may link an accused to contraband to establish knowing possession of the contraband, including: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were

8

present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *See id.* at 162 n.12 (citing *Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.)). These factors are not a litmus test, but considerations that may circumstantially establish the sufficiency of the evidence to prove a knowing possession. *Id.*; *see also Allen v. State*, 249 S.W.3d 680, 692 n.13 (Tex. App.—Austin 2008, no pet.).

The evidence at trial established several links between Appellant and the methamphetamine discovered in his vehicle. At the outset, Officer Winn observed that Appellant had features common among narcotics users. When he asked Appellant if he used narcotics, Appellant answered that he didn't do so "anymore." Appellant acknowledged that two of the backpacks in his car belonged to him. Appellant admitted that one of his backpacks contained a gun; however, he professed surprise that Officer Winn found methamphetamine in the supplement bottle that was also in the backpack. Although Appellant implies that his passenger had access to Appellant's backpack in the time that Officer Winn was speaking to Appellant outside the car, Officer Winn testified that he did not observe any movement by the passenger inside the vehicle during that time. The passenger's seatbelt was still on when Officer Winn approached him and the zippered compartment of the backpack where the methamphetamine was found was zipped closed when it was recovered. Moreover, the trunk area of Appellant's vehicle contained other drug paraphernalia, including a digital scale and a magnetic box commonly used to conceal drugs.

9

Appellant argues that it is reasonable to conclude that he did not know the drugs were in his backpack. However, the evidence in this case also supports the conclusion that Appellant did know that the drugs were in his backpack. It is the jury, not the reviewing court, that chooses between alternate reasonable inferences to be drawn from the evidence. *Evans*, 202 S.W.3d at 165. The trier of fact is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony in determining whether the evidence shows a sufficient link between the defendant and the contraband. *Poindexter*, 153 S.W.3d at 406; *see also Hall v. State*, 86 S.W.3d 235, 241 (Tex. App.—Austin 2002, pet. ref'd) (factfinder determines whether factors presented at trial combine to form link between accused and contraband).

Based on the evidence presented, together with reasonable inferences therefrom, a rational jury could determine that Appellant exercised control, management, or care over the methamphetamine found in his backpack and that he knew the methamphetamine was contraband. We conclude that the evidence was sufficient to support Appellant's conviction for possession of a controlled substance. *See Evans*, 202 S.W.3d at 162. We overrule Appellant's third issue.

Due Process Violation

In his final issue, Appellant argues that his "due process rights were violated when counsel questioned [him] in open court about rejecting the plea offer because this led to negotiations occurring publicly and limited the Appellant's time to consult with his counsel." Appellant's complaint arises from the hearing at the plea deadline docket the month before his trial. At the hearing, the trial court began by asking Appellant two

questions: first, if he understood that the matter was set for trial and second, if he had a chance to talk to his attorney about the State's latest plea offer. When Appellant stated that he had not had that opportunity, the trial court immediately recessed the proceedings to allow Appellant to consult with his attorney. Following the recess, the trial court asked Appellant whether he understood the State's offer, whether he had a chance to talk to his attorney, whether he understood the range of punishment, and finally, whether he wished to accept or reject the State's offer. Appellant answered the first three questions in the affirmative. He then stated that he rejected the State's offer. The trial court stated, "Okay. That's fine. So we will keep the trial date. It is September 23rd, 2024, at 8:30 a.m." The hearing then concluded.

Appellant's counsel did not ask Appellant any questions in open court. No discussions between Appellant and his counsel were made on the record. No objection was made regarding the amount of time Appellant was given to discuss the plea offer with counsel. We conclude that Appellant's fourth issue is without merit. It is, consequently, overruled.

Modification of Judgment

Appellant notes that the judgment here incorrectly lists the statute for the charged offense as "481.115(d) Penal Code." Appellant's point is well taken. Appellant was indicted and convicted of possession of a controlled substance in the amount of four grams or more but less than 200 grams pursuant to the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d). Appellate courts have authority to modify and reform judgments when the necessary information is available to do so.

11

*See Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (en banc); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (en banc).  Accordingly, we modify the trial court's judgment in the section entitled "Statute for Offense" to replace "Penal Code" with "Health & Safety Code."

## CONCLUSION

We overrule each issue presented by Appellant and affirm the judgment as modified.  TEX. R. APP. P. 43.2(b).

Judy C. Parker
Justice

Do not publish.